UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SANDRA ANN BORST,

        Plaintiff,

    -v-                                   1:17-cv-00204 (MAT)
                                          **DECISION AND ORDER**

UNITED STATES OF AMERICA,

        Defendant.

**I.   Introduction**

*Pro se* plaintiff Sandra Ann Borst("plaintiff") filed the instant action on March 6, 2017. She concurrently filed a motion for leave to proceed *in forma pauperis*, but subsequently paid the filing fee, resulting in the denial of her motion as moot.

Defendant the United States of America ("defendant" or "the Government") has moved to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), on the basis that she has failed to establish this Court's subject matter jurisdiction and fails to state a claim. Plaintiff has responded to the pending motion to dismiss with several motions of her own, including (1) a motion for leave to file an amended complaint, (2) a motion for leave to complete her administrative remedies, (3) a motion for leave to file a supplement to her proposed amended complaint, and (4) a motion to stay all the proceedings in this matter. The Government has opposed each of these motions. For the

reasons discussed below, the Government's motion to dismiss is granted and plaintiff's motions are denied.

## II. Background

As the Government notes in its motion to dismiss, plaintiff's complaint, while difficult to discern, appears to be a variant of a "sovereign citizen" or "redemptionist" claim. Such claims are based on the meritless theory that "a person has a split personality: a real person and a fictional person called the 'strawman.' The 'strawman' purportedly came into being when the United States went off the gold standard . . . and, instead, pledged the strawman of its citizens as collateral for the country's national debt. Redemptionists claim that [the] government has power only over the strawman and not over the live person, who remains free." *Branton v. Columbia Cty.*, 2015 WL 3397949, at *3 (N.D.N.Y. May 26, 2015) (quotation omitted). Redemptionists further believe that "[a] person's name spelled in 'English,' that is with initial capital letters and small letters, represents the 'real person,' that is, the flesh and blood person. Whenever a person's name is written in total capitals, however, as it is on a birth certificate, the Redemptionists believe that only the 'strawman' is referenced, and the flesh and blood person is not involved." *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 210 (D. Conn. 2010) (quotation omitted).

2

In this case, plaintiff's complaint includes as exhibits the birth certificates for herself, her three children, and her grandson. The complaint alleges that these birth certificates created a "vessel" that was placed into the "sea of commerce," and that she and her children and grandchild are "merchant mariners" onboard such "vessel." The complaint further alleges that this Court is a bank and that by filing this action, she deposited a security into said bank. The complaint purports to invoke the jurisdiction of this Court based on admiralty and maritime law - specifically, 46 U.S.C. §§ 103 ("Section 103") and 311. Section 103 defines the term "boundary line" in the context of shipping. There is no section 311 in Title 46 of the United States Code.

Plaintiff has filed a motion to filed an amended complaint, and has attached a copy of her proposed amendments. Plaintiff again purports to invoke this Court's jurisdiction under admiralty and maritime law, but also seeks to add a claim based on the Federal Tort Claims Act (the "FTCA"). Plaintiff's proposed amended complaint is substantively quite similar to her initial complaint, but adds assertions of wrongful conduct by the Deputy Clerk of Chautauqua County, New York.

In connection with her attempt to bring a claim based on the FTCA, plaintiff filed a motion for leave to complete her administrative remedies related thereto (specifically, filing an administrative tort claim). Plaintiff subsequently filed an

3

additional motion in which she claims to have filed a Notice of Claim on Chautauqua County, and argues that the filing of said Notice of Claim satisfies her administrative obligations under the FTCA.

Plaintiff's final motion asks the Court to stay these proceedings, on the basis that the Government has violated the Trading with the Enemy Act, Chapter 53 of Title 50 of the United States Code.

**III. Discussion**

    **A.    Motion to Dismiss for Lack of Subject Matter Jurisdiction**

The Government has moved to dismiss plaintiff's complaint on the basis that she has not established this Court's subject matter jurisdiction. In particular, the Government argues that plaintiff cannot establish jurisdiction based on admiralty or maritime law, because she has not alleged that a tort occurred on navigable waters, nor has she alleged the existence of a maritime contract. The Government further argues that no subject matter jurisdiction exists because plaintiff has failed to establish a waiver of the United States' sovereign immunity.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002)(quotation omitted). "[T]he

4

plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id*.

Here, the Court agrees with the Government that plaintiff has failed to establish the existence of subject matter jurisdiction. In order to establish admiralty or maritime jurisdiction, plaintiff was required to show either that she was the victim of a tort committed on navigable waters (*see Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 672 (1982)) or that her claim arises out of a contract related to maritime service or transactions (*see Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 24 (2004)). Her complaint, which consists of legally meaningless nonsense, shows neither.

Plaintiff also has not established a waiver of the United States' sovereign immunity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature. Indeed, the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (internal citations and quotation omitted). A waiver of sovereign immunity must be "unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Here, nothing in plaintiff's complaint establishes a waiver of sovereign immunity, and the Court accordingly finds that it lacks jurisdiction on this additional basis.

### B. Motion to Dismiss for Failure to State a Claim

Assuming that the Court did have subject matter jurisdiction over the instant dispute, dismissal would still be warranted, because plaintiff's complaint fails to state a claim on which relief can be granted. In deciding a motion brought pursuant to Rule 12(b)(6), the Court must consider whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Courts have not hesitated to find that the claims presented by sovereign citizens and redemptionists are "'frivolous and a waste of court resources.'" *Branton*, 2015 WL 339749 at *3 (quoting *Muhammad v. Smith*, 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014)); *see also Greene v. Pryce,* 2015 WL 4987893, at *3 (E.D.N.Y. Aug. 18, 2015) (dismissing claim based on redemptionist theories as lacking any potential merit). The same reasoning applies with full force to plaintiff's claims, which lack any basis in law or fact, and are therefore subject to dismissal pursuant to Rule 12(b)(6).

### C. Motion for Leave to Amend

Plaintiff has moved for leave to file an amended complaint and has submitted her proposed amended complaint to the Court. As set forth above, plaintiff's proposed amended complaint differs substantively for her initial pleading in that it seeks to add a

FTCA claim based on the claimed wrongful actions of the Deputy Clerk of Chautauqua County.

"In the ordinary course, the Federal Rules of Civil Procedure provide that courts 'should freely give leave' to amend a complaint 'when justice so requires.'" *Williams v. Citigroup Inc.*, 659 F.3d 208, 212 (2d Cir. 2011) (quoting Fed. R. Civ. P. 15(a)(2)). However, "[i]t is well established that [l]eave to amend need not be granted ... where the proposed amendment would be futil[e]." *Id.* at 214 (quotation omitted).

Here, for the reasons discussed above, the claims from plaintiff's initial pleading that are repeated in her proposed amended complaint are meritless. Moreover, plaintiff's proposed FTCA claim is wholly without legal basis. First, plaintiff has failed to comply with the statutory prerequisites to bringing such a claim. *See Adams by Adams v. United States Department of Housing and Urban Development*, 807 F.2d 318, 320 (2d Cir. 1986) (pursuant to § 2675 of the FTCA, a plaintiff is barred from bringing suit unless he or she has first presented the claim to the appropriate federal agency).

Second, and perhaps more importantly, plaintiff's claim fails substantively. Claims under the FTCA must be based on a wrongful act by an employee of the Government acting in the scope of his office or employment. *See Meyer*, 510 U.S. at 477. The Deputy Clerk of Chautauqua County is not a federal employee, but is

7

instead an agent of the county government. Accordingly, plaintiff cannot base an FTCA claim on the Deputy Clerk of Chautauqua County's alleged wrongful conduct.

Because plaintiff's proposed amended complaint fails to state a cognizable claim, leave to amend would be futile. Accordingly, plaintiff's motion for leave to amend is denied.

### D. Plaintiff's Remaining Motions

In light of the Court's dismissal of plaintiff's complaint and denial of her motion for leave to amend, her remaining motions are rendered moot, and are denied as such.

### CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (Docket No. 7) is granted. Plaintiff's motions for leave to amend, for leave to complete her administrative remedies, for leave to file a supplement to her proposed amended complaint, and to stay the proceedings (Docket Nos. 11, 15, 18, and 21) are denied. The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                        **s/ Michael A. Telesca**
                                        _____
                                        MICHAEL A. TELESCA
                                        United States District Judge

Dated:    October 19, 2017
            Rochester, New York